UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-00197 PA (JPRx) | Date | January 17, 2023 |
|---|---|---|---|
| Title | Josephine Marie Smith v. Barack Hussein Obama II | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a complaint filed by plaintiff Josephine Marie Smith ("Plaintiff"), proceeding pro se, against defendant Barack Hussein Obama II ("Defendant"). (Docket No. 1.) Plaintiff appears to allege that Defendant has an "open adoption" and conservatorship over her, that Defendant wiretapped her home, and that Defendant has abused the conservatorship. It is not entirely clear from Plaintiff's allegations what role Defendant played or what basis for relief exists. For the following reasons, the Court dismisses Plaintiff's complaint with leave to amend.

## I.     JURISDICTIONAL ALLEGATIONS

Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." L.R. 8-1. Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-00197 PA (JPRx) | Date | January 17, 2023 |
|---|---|---|---|
| Title | Josephine Marie Smith v. Barack Hussein Obama II | | |

v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989).  Finally, the citizenship of a partnership or other unincorporated entity is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

Jurisdiction may also be based on the existence of a federal question.  See 28 U.S.C. § 1331.  "Title 28 U.S.C. § 1331 vests in federal district courts 'original jurisdiction' over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'"  Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006) (quoting 28 U.S.C. § 1331).  "A case 'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  Id. (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for So. Cal., 463 U.S. 1, 27–28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)).  The "mere presence of a federal issue in a state cause of action" does not automatically confer federal-question jurisdiction.  Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986).  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

The Complaint does not assert a federal claim or properly allege the statutory or other basis for the exercise of jurisdiction required by Federal Rule of Civil Procedure 8(a) and Local Rule 8-1.  Nor does the Complaint otherwise allege a basis for the Court's subject matter jurisdiction.  The Complaint does not allege a claim under any federal statue that creates a private right of action.  See Duncan, 76 F.3d at 1485.  Indeed, it is difficult for the Court to discern exactly what claims are being asserted.  The Complaint also fails to allege sufficient facts to support the Court's exercise of diversity jurisdiction over this matter, as the Complaint does not allege the citizenship of any party.

## II.     FACTUAL ALLEGATIONS

Additionally, plaintiffs in federal court are required to give "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice."  Fed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-00197 PA (JPRx) | Date | January 17, 2023 |
|---|---|---|---|
| Title | Josephine Marie Smith v. Barack Hussein Obama II | | |

R. Civ. P. 12(b)(6), 8(e).  The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

In Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery."  550 U.S. at 561, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (internal quotation omitted).  Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]."  Id. at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929.  In construing the Twombly standard, the Supreme Court has advised:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  Thus, if a plaintiff could not possibly succeed after all allegations of material fact in the complaint have been taken as true and construed in the light most favorable to the plaintiff, then the complaint should be dismissed.  See Twombly, 550 U.S. at 558, 127 S. Ct. 1955, 167 L. Ed. 2d 929; Daniel v. Cnty. of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002).

In the Complaint, Plaintiff makes several sweeping accusations, but does not state exactly what claims are being pursued.  Plaintiff has not provided a short and plain statement of the claims and the factual bases for them to show that she is entitled to the relief sought, as required by Federal Rule 8(a)(2) and Twombly.  This failure provides a further basis for dismissal.

## CONCLUSION

Because Plaintiff has not adequately alleged this Court's jurisdiction, nor has she provided a short and plain statement of her claims, the Complaint is dismissed.  Despite these inadequacies, the Court grants Plaintiff leave to amend the Complaint to attempt to establish federal subject matter jurisdiction and to allege sufficient facts to support her claims.  See 28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-00197 PA (JPRx) | Date | January 17, 2023 |
|---|---|---|---|
| Title | Josephine Marie Smith v. Barack Hussein Obama II | | |

U.S.C. § 1653; Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1555 (9th Cir. 1987).

    Plaintiff's First Amended Complaint, if any, shall be filed on or before February 7, 2023. Because Plaintiff's allegations appear to form state law claims better suited for resolution in the state courts rather than the federal courts, Plaintiff may wish to consider refiling her complaint in state court. If Plaintiff elects to re-file her claims in state court, Plaintiff shall notify the Court no later than December January 31, 2023 by filing a notice of her election to re-file her claims in state court.

    If Plaintiff elects to file a First Amended Complaint in this Court, the First Amended Complaint will entirely replace Plaintiff's original Complaint. Thus, all allegations that Plaintiff intends to assert must be alleged in the First Amended Complaint, as the original Complaint will be treated as "non-existent," and no reference to the original Complaint will be considered. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, (9th Cir. 2015) ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (quoting Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997))). In addition, each alleged claim must be supported by a short and plain statement with adequate facts to satisfy Rule 8(a)(2) and Twombly. Failure to file a First Amended Complaint on or before February 7, 2023; to adequately allege the Court's jurisdiction; or to allege sufficient facts to support the alleged claims may result in the dismissal of this action without prejudice.

    Below, the Court includes a list of lawyer referral and/or legal services agencies Plaintiff may wish to consult.

    IT IS SO ORDERED.

Federal Pro Se Clinic
The Edward Roybal R. Federal Building and U.S. Courthouse
255 East Temple Street, Suite 170 (Terrace Level)
Los Angeles, CA 90012
(213) 385-2977 ext. 270

Los Angeles Legal Aid Foundation
www.lafla.org
(800) 399-4529

Bet Tzedek Legal Services
www.bettzedek.org
(323) 939-0506